UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1- 118, <br><br> Defendants. | Case No. 19-2448 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC.'S MOTION AND MEMORANDUM OF LAW FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 26(d)(1)**

## PRELIMINARY STATEMENT

By this Motion, Siemens Product Lifecycle Management Software Inc. ("Siemens PLM") seeks an Order to compel discovery from AT&T Wireless ("AT&T") to determine the identities of the Doe Defendants in this case. Specifically, Siemens PLM has learned that certain individuals violated its rights under the federal Copyright Act to ten (10) product lifecycle management ("PLM") software products that Siemens PLM manufactures and distributes—NX 8, NX 9, NX 10, NX 11, NX 12, Solid Edge with Synchronous Technology 6, Solid Edge with Synchronous Technology 8, Solid Edge with Synchronous Technology 9, Femap 11, and FloTHERM (the "Software")—by downloading those PLM products without authority to do so. To protect its rights to and investment in the Software, Siemens PLM filed this action against those individuals, whom Siemens PLM has identified as Does 1-118, until it can determine their identity. Although Siemens PLM has identified the Internet protocol (IP) addresses and/or accompanying network information associated with these Doe Defendants, Siemens PLM has

not yet determined their identities and has not yet named these individuals as defendants in this action. Siemens PLM is informed and believes that the identifying information is within the possession of AT&T, which assigned the IP addresses associated with these individuals. Without access to that information through discovery, Siemens PLM cannot move forward with this attempt to protect its copyrights. Accordingly, Siemens PLM respectfully requests that this Court grant this Motion.

## STATEMENT OF RELEVANT FACTS

Siemens PLM manufactures and distributes PLM software products that assist companies with efficient management of the entire lifecycle of a product (i.e., ideation, design, manufacture, service, disposal, etc.). PLM software brings together computer-aided design ("CAD"), computer-aided manufacturing ("CAM"), computer-aided engineering ("CAE"), product data management, and digital manufacturing. (Complaint ¶ 7.)

The Software consists of ten (10) product lifecycle management ("PLM") software products that Siemens PLM manufactures and distributes—NX 8, NX 9, NX 10, NX 11, NX 12, Solid Edge with Synchronous Technology 6, Solid Edge with Synchronous Technology 8, Solid Edge with Synchronous Technology 9, Femap 11, and FloTHERM. NX software offers a broad suite of integrated, fully associative CAD/CAM/CAE applications. (Id. ¶ 8). Solid Edge is an industry-leading mechanical design system that provides its users exceptional tools for creating and managing three-dimensional digital prototypes. (Id. ¶ 9). Femap is an advanced engineering simulation software program that creates finite element analysis models of complex engineering products and systems, and displays solution results. (Id. ¶ 10). FloTHERM is a design development software that allows users to predict the airflow and heat transfer in and around electronic equipment. (Id. ¶ 11).

The Software constitutes and contains Siemens PLM's valuable intellectual property that has been developed over many years through the investment of substantial resources. To protect that investment and the rights and interests associated with it, Siemens is, and at all relevant times has been, the owner of copyrights under federal law with respect to the Software. (*Id*. ¶ 12; *see id*. Exhs. A-J).

To protect its investment in the Software and its intellectual property rights, Siemens PLM investigates unauthorized downloads. Through this process, Siemens PLM can identify certain IP addresses associated with each illicit use and download.

Siemens PLM has contacted AT&T to inquire on its policy and procedure related to seeking information sufficient to identify the persons associated with certain IP addresses identified as having illegally downloaded Siemens PLM's software. AT&T has indicated that they will comply with our request if Siemens PLM obtains a Court Order accompanying any subpoena requesting such information.

## ARGUMENT

Fed. R. Civ. P. 26(d)(1) states, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by a court order." A Rule 26(f) conference obviously cannot occur without knowledge of the identities of the Defendants. As set forth above, AT&T will only provide information sufficient to identify the identities of the Defendants if accompanied by a Court Order. In order to advance this matter, Siemens PLM requires and respectfully requests that this Court grant this narrow request for discovery from AT&T so that Siemens PLM can identify and serve process upon the Defendants.

This Court has applied a good cause standard when determining whether to permit

expedited discovery under Rule 26(d)(1).  *See Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450,* No. H-13-0456, 2013 U.S. Dist. LEXIS 68746, at *7-8 (S.D. Tex. May 10, 2013) ("Although Rule 26 does not so state, to justify a court order for expedited discovery the party seeking discovery should show good cause.") (citing 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL RULES OF CIVIL PROCEDURE § 2046.1 (3d ed. 2013).  The Eastern District of Texas has also applied a "good cause" standard to determine whether to permit expedited discovery, and it has done so when considering a similar motion seeking similar information from an ISP.  *Combat Zone Corp. v. John/Jane Does 1-2*, No. 2:12-CV-00509, 2012 WL 6684711, at *2 (E.D. Tex. Dec. 21, 2012).  The Eastern District applied five factors to determine whether good cause was shown: (1) whether the plaintiff makes a prima facie showing of harm, (2) the specificity of the discovery requests; (3) the absence of alternative means to obtained the subpoenaed information; (4) the necessity of the subpoenaed information to advance the claim, and (5) the user's expectation of privacy.  *Combat Zone*, 2012 WL 6684711, at *1. Applied to the facts of this case and the Proposed Order, all of these factors favor granting Siemens PLM's expedited discovery request.

First, Siemens PLM has made a prima facie showing of harm by its prima facie showing of copyright infringement by the individuals sought to be identified and named as defendants. To state a claim for copyright infringement, a plaintiff must show (1) "ownership of a valid copyright, and (2) [the infringer's unauthorized] copying of constituent elements of the work that are original." *Guajardo v. Freddie Records, Inc*., No. H-10-2024, 2013 U.S. Dist. LEXIS 90630, at *17 (S.D. Tex. Apr. 9, 2013) (citing *Feist Pub., Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991)).  With respect to the first prong, the Complaint attaches as exhibits Siemens PLM's valid registration statements covering its copyrights to the Software.  (*See* Complaint, Exhs. A-J; ¶

12); *see also* 17 U.S.C. § 410(c) (providing that a "certificate of [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright"). Further, the Complaint alleges that defendants downloaded or used the Software without Siemens PLM's permission. (Complaint ¶ 14); *see also Sony Pictures Home Entm't, Inc. v. Lott*, 471 F. Supp. 2d 716, 722 (N.D. Tex. 2007) (unauthorized downloading constitutes direct copyright infringement).

Second, Siemens PLM's discovery request is specific. It seeks only the names, addresses, telephone numbers and email addresses, of the persons associated with the IP addresses that Siemens PLM has collected. Notably, Siemens PLM is not seeking any *content* of any emails or other communications associated with these individuals.

Third, Siemens PLM has no alternative way of obtaining the information it seeks. Siemens PLM is informed and believes that AT&T's records are the only source of information available to Siemens PLM which can provide the information required to prosecute its valuable intellectual property rights at issue in this action. As the Court stated in *Combat Zone*, due to the nature of online transactions, copyright holders in cases like this one have "no alternative way of determining the Doe Defendants' identities except through a third-party subpoena." *Combat Zone*, 2012 WL 6684711, at *1 (observing that 47 U.S.C § 551(c)(2)(B) (the Cable Privacy Act) prohibits cable operators who are also ISPs from disclosing personally identifiable information of their customers' without their consent or a court order). Because AT&T is both an ISP and a cable operator, Siemens PLM has no other means to acquire the identifying information. Moreover, if AT&T is not ordered to preserve information in its possession, custody, or control related to IP addresses associated with unlawful downloads of the Software, that information could be destroyed, forever foreclosing Siemens PLM's ability to enforce its rights.

Fourth, the information Siemens PLM seeks is absolutely necessary to advancing its copyright infringement claims. The only means available for Siemens PLM to identify the individuals who used AT&T's internet services to illegally download and use the Software is to obtain from AT&T the identifying information of the persons associated with the IP addresses that Siemens PLM has collected. Unless AT&T is ordered to provide Siemens PLM with that identifying information, Siemens PLM cannot proceed with its claims against the Defendants.

Fifth, the users' expectation of privacy will be protected by the court-imposed conditions on the plaintiffs' pre-conference discovery that mirror those contained in Siemens PLM's Proposed Order. The relief sought by this motion is neither unique nor unprecedented. *See, e.g.*, *Warner Bros. Record Inc. v. Does 1-14*, 555 F. Supp.2d 1, 1 (D.D.C. 2008) (permitting expedited discovery from an ISP whose subscribers' IP addresses had been identified as being used for the unauthorized distribution of motion pictures); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-93*, No. 4:17-CV-01796, Dkt. 7 (S.D. Tex. June 15, 2017) (attached as Exhibit A); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, No. 4:16-CV-01422, Dkt. 29 (S.D. Tex. November 4, 2016) (attached as Exhibit B); *Siemens Product Lifecycle Management Software, Inc. v. Does 1-100, Doe 16, & Doe 17*, No. 4:15-CV-00582, Dkt. 26 (E.D. Tex. July 7, 2016) (attached as Exhibit C). In *Combat Zone*, the Court allowed the plaintiff to conduct expedited discovery from an ISP with respect to information associated with unauthorized distribution of the plaintiffs' copyrighted works. 2012 WL 6684711, at *3. The plaintiff, like Siemens PLM, had identified the IP addresses associated with the ISP whose facilities the defendants used for the infringing activities. The plaintiff, however, could not identify the defendants due to the limits of publicly available information. *Id*. at 1. The plaintiff therefore sought by motion the same information from the ISP that Siemens PLM seeks to

discover here.  *Id*.  The Court found that the plaintiff's suit could not progress without the requested discovery and granted the motion.  *Id*. at 2.  In doing so, the court imposed conditions on the plaintiff's pre-conference discovery that mirror those contained in Siemens PLM's Proposed Order.  *Id*.  Accordingly, Siemens PLM respectfully requests that the same relief be granted here.

Finally, granting Siemens PLM the Order it requests will not materially burden AT&T given that it has established procedures for processing these types of requests.  As previously stated, AT&T has indicated that it can provide the requested information in a reasonable time provided that the proper legal documentation accompanies the requested information and the specific time and date of the incident involving the IP address is provided.

## CONCLUSION

For the reasons set forth above, Siemens PLM respectfully requests that this Court grant this Motion and order that AT&T comply with Siemens PLM's discovery directed at obtaining information sufficient to identify and contact the Defendants in this copyright infringement case.

DATED this 8th day of July 2019.

> */s/ Robert R. Riddle*
> Robert R. Riddle - Lead Attorney
> Texas Bar No. 24035495
> S.D. Tex. No. 1553007
> Katherine Geldmacher
> Texas Bar No. 24109916
> S.D. Tex. No. 3352401
> Reed Smith, LLP
> 811 Main Street, Suite 1700
> Houston, TX 77002-6110
> rriddle@reedsmith.com
> kgeldmacher@reedsmith.com
> Telephone: +1 713 469 3800
> Facsimile: +1 713 469 3899
>
> *Counsel for Plaintiff*
> *Siemens Product Lifecycle Management*
> *Software Inc.*