# EXHIBIT B

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE, INC., | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-01422 |
| DOES 1-100, | § § § | |
| Defendants. | § | |

## MEMORANDUM & ORDER ON DOE 18'S MOTION TO QUASH SUBPOENA

This is a copyright infringement action involving software that Plaintiff Siemens Product Lifecycle Management Software, Inc. ("Siemens PLM") alleges it developed and for which it owns the copyrights. Siemens PLM served a subpoena upon third-party internet service provider Comcast Cable Communications ("Comcast") seeking to "identify the names and addresses of the Doe Defendants who are the subscribers associated with the IP addresses at which unlawfully copied versions of [Siemens PLM's] software were used." (Doc. No. 21, ¶ 4.) Defendant Doe 18 has filed a Motion to Quash the subpoena served upon Comcast as it pertains to Doe 18 ("Defendant's Motion," Doc. No. 18). After considering the motion and responses thereto, the Court finds that Defendant's Motion must be denied.

The court must quash or modify a subpoena that: "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "A party seeking to quash a subpoena under Rule 45 bears the burden of proof." *De Santiago-Young v. Histopath, Inc.*, No. 2:14-CV-179, 2015 WL 1542475, at *2 (S.D. Tex. Apr. 1, 2015). Doe 18 has failed to meet her burden.

1

Doe 18 argues the subpoena should be quashed because it subjects her to an undue burden and an invasion of privacy. (Doc. No. 18 at 1.) Siemens PLM responds that Doe 18 will not bear an undue burden, as the subpoena requires only Comcast to take action. (Doc. No. 21, ¶¶ 7-8.) Doe 18 has failed to show she will suffer threatening contact or a serious invasion of privacy if her name and contact information are revealed to Siemens PLM. Doe 18's broad assertion of a privacy interest is not alone a basis to quash this subpoena. The "First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004). Siemens PLM requires the subpoena to pursue its copyright infringement claim, and Doe 18 has presented no countervailing interest to merit quashing it.

Second, Doe 18 challenges the subpoena under Rule 45(c)(2)(A) because Siemens PLM calls for production of documents at a location more than 100 miles from Comcast's Custodian of Records. (Doc. No. 18 at 1.) Although Doe 18 may challenge the subpoena to protect her own interests, she does not have standing to protect the rights of another if the person subpoenaed "does not claim protection for himself." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (*quoting* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil 2D § 2035). Comcast has not objected to producing the documents, and Doe 18 may not assert the geographical limitation as grounds to quash the subpoena. *See R. Prasad Indus. v. Flat Irons Envtl. Sols. Corp.*, No. CV-12-08261-PCT-JAT, 2014 WL 2804276, at *8 (D. Ariz. June 20, 2014).

Finally, Doe 18 contends Siemens PLM has improperly joined 100 individual defendants based on disparate alleged acts. (Doc. No. 18 at 1.) Siemens PLM counters that Doe 18's joinder

and personal jurisdiction arguments are premature. (Doc. No. 21, ¶ 6.) The Court agrees with Plaintiff. Siemens PLM seeks limited discovery to identify proper defendants to name them in the lawsuit. Questions regarding personal jurisdiction are inappropriate at this stage.

Although Doe 18's privacy interests are important, she has failed to show she will face an undue burden through Comcast's release of limited information regarding the owner of the identified IP address. Accordingly, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 4th day of November, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE