# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE, INC., § § § Plaintiff, § § v. § § DOES 1-100, DOE 17, AND DOE 16, § § Defendants. § | CIVIL ACTION NO. 4:15-CV-00582-ALM-CAN |

## ORDER

On June 20, 2016, the Court conducted a telephonic hearing ("Hearing") in the above-styled and numbered cause on Defendant Doe 17's First Amended Motion to Dismiss under Rule 12(b)(6), Sever, and Quash or Modify Order ("Doe 17's Motion") [Dkt. 11] and Defendant Doe 16's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative Motion to Sever Cases and Quash ISP Subpoena ("Doe 16's Motion") [Dkt. 13] to hear argument on Doe 17 and Doe 16's request to quash the subpoenas served on Time Warner Cable (the "Motions to Quash"). Plaintiff Siemens Product Lifecycle Management Software, Inc. ("Plaintiff") appeared by and through counsel Andrew Bluebond and Defendant Doe 17 ("Doe 17") appeared by and through counsel Warren Norred. Defendant Doe 16 ("Doe 16") failed to appear.

## BACKGROUND

Plaintiff filed its Complaint on August 27, 2015, alleging Does 1-100 infringed Plaintiff's various software copyrights [Dkt. 1]. Also on August 27, 2015, Plaintiff filed a Motion and Memorandum of Law for Discovery Pursuant to Fed. R. Civ. P. 26(d)(1) requesting that the Court order Time Warner Cable to comply with Plaintiff's discovery directed at obtaining

information sufficient to identify and contact the Doe Defendants in this matter [Dkt. 2]. The Court granted Plaintiff's request on September 4, 2016, allowing Plaintiff to obtain the identity of the Doe Defendants by serving subpoenas on Time Warner Cable, which request the subscriber's name and address pursuant to Federal Rule of Civil Procedure 45 [Dkt. 5]. The subpoenas on their face "gave the Time Warner accountholder's associated with the [allegedly] infringing IP addresses 21 days after receiving notice of the Subpoena from Time Warner Cable to file for a protective order or move to quash the subpoena[s]" [Dkt. 12 at 3].[1]

On January 20, 2016, Doe 17 filed a First Amended Motion to Dismiss under Rule 12(b)(6), Sever, and Quash or Modify Order contending that Plaintiff failed to state a claim for copyright infringement; or, in the alternative, that the Doe Defendants are improperly joined and the subpoena to Time Warner Cable for Doe 17's information should be quashed [Dkt. 11]. On January 28, 2016, Plaintiff filed a Response in Opposition to Doe 17's Motion [Dkt. 12]. On February 2, 2016 Doe 16 filed a Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative Motion to Sever Cases and Quash ISP Subpoena contending that this Court lacks personal jurisdiction over Doe 16, that the Doe Defendants are improperly joined, and/or the subpoena to Time Warner Cable for Doe 16's information should be quashed [Dkt. 13].[2] Plaintiff filed a Response in Opposition to Doe 16's Motion on February 18, 2016 [Dkt. 15]. At the time of Hearing, Plaintiff advised that Time Warner Cable had complied with the subpoenas and provided all requested identifying information (except for that of Doe 16 and 17). On

---

[1] Plaintiff contends that both Doe 16 and 17 filed their Motions to Quash after the twenty-one day deadline; and, thus, the Court should deny the motion as untimely [Dkts. 12 at 3; 15 at 1]. Notwithstanding such argument, the Court reaches the merits of the Motions to Quash.

[2] On February 4, 2016, the Court entered an Order Governing Proceedings in this matter dismissing all fictitious parties without prejudice [Dkt. 14]. Accordingly, Doe 17's Motion to Dismiss under Rule 12(b)(6) [Dkt. 11], and request to sever therein, is denied as moot. Similarly, Doe 16's Motion to Dismiss for Lack of Personal Jurisdiction, and request to sever therein, is denied as moot. Notwithstanding, the Court notes that substantive consideration of the jurisdiction and joinder issues raised in the Motions would have been premature at this juncture. *See Siemens Product Lifecycle Management Software, Inc. v. Does 1-100*, No. 4:15-CV-17, Dkt. 24 (E.D. Tex. July 23, 2015).

April 1, 2014, United States District Judge Amos L. Mazzant referred this matter to the undersigned for all pretrial proceedings [Dkt. 22], and on June 3, 2016, the Court set Doe 17 and Doe 16's Motions requesting the subpoenas be quashed for telephonic hearing [Dkt. 25].

## ANALYSIS

### I. *Motions to Quash*

The Motions to Quash contend that this Court lacks jurisdiction over the Does necessitating that the subpoenas be quashed [*see* Dkts. 11; 13]. Doe 17 also argues that the Court must quash the subpoena Plaintiff served on Time Warner Cable because it "requires disclosure of protected matter," Doe 17 has a privacy right in the records sought, and because Plaintiff must demonstrate a legitimate need for the identifying information, coming forward with prima facie evidence of infringement, to overcome Doe 17's right to engage in anonymous speech. *Id*. Doe 16 separately alleges that Plaintiff could have obtained the subpoenaed records through alternate methods [Dkt. 13 at 3-5].

The Eastern District of Texas has previously been presented with the issue raised in the case at hand, holding under very similar circumstances that "the limited information requested [by the subpoenas] is necessary to identify the putative defendants so that they may be named and served, if appropriate", and thus declining to quash the subpoenas notwithstanding the jurisdiction and privacy concerns briefed therein. *Siemens Product Lifecycle Management Software, Inc.*, No. 4:15-CV-17, Dkt. 24 at 6-7. Here too Plaintiff is requesting limited identifying information sufficient merely to identify the Doe Defendants. Plaintiff has demonstrated a legitimate need for the information.

Furthermore, any argument that the Court lacks jurisdiction over Does 16 and 17 to enforce the subpoenas is unpersuasive because the subpoenas were directed to Time Warner

Cable, not to the individuals. Doe 16 and Doe 17 have not yet been served with process; and, while "once [Plaintiff] is in possession of their names and addresses, it may then decide not to substitute the subscriber as a Defendant based on the information obtained, ... [such reason] is not a valid basis for quashing the subpoena[s]." *Id*. at 5. The Court is also unpersuaded by Doe 17's privacy right and First Amendment arguments. As other courts have held, "[t]o the extent that anonymity is used to mask copyright infringement by others, the First Amendment is no protection." *West Coast Productions, Inc. v. Does 1-351*, No. 4:12-CV-504, 2012 WL 2577551, at *4 (S.D. Tex. July 3, 2012); *see also Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 339 (D.D.C. 2011) ("The plaintiff's subpoenas requesting the putative defendants' identifying information does not subject the putative defendants to an undue burden nor is the plaintiff's request for the information outweighed by any privacy interest or First Amendment right to anonymity.").

Doe 16 further argues that the Court should quash the subpoena because Plaintiff could have obtained the requested information through the use of an online database to determine the location of Doe 16, which is alleged to be in Waynesburg, Ohio [Dkt. 13 at 3-5]. Such argument is unavailing. "While it may behoove the plaintiff to utilize tools to ascertain the general location of the putative defendants prior to filing its case, these lookup tools are not completely accurate and it does not resolve for the Court the question of whether personal jurisdiction would be proper." *Call of the Wild Movie*, 274 F.R.D. at 345 n.10 ; *see also Siemens Product Lifecycle Management Software, Inc.*, No. 4:15-CV-17, Dkt. 24 at 5 n.2.

Thus, the Court, following review of the Motions to Quash, oral argument at Hearing, and all other relevant filings, finds that the Motions to Quash should be denied.

ORDER – Page 4

## II.  *Request for Redaction by Doe 17*

At Hearing, Doe 17 argued, in the alternative, that should the Court deny his request to quash, given the reputational harm that may result to Doe 17 from being named in a copyright infringement suit, the Court should require the redaction of the identity of Doe 17 from any subsequently filed Amended Complaint. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." Fed. R. Civ. P. 26(c)(1).  At Hearing, Doe 17 requested a limited protective order prohibiting the public disclosure of any information relation to him or her that is obtained via the subpoena and requesting redaction of his/her identify from any amended complaint until such time as he could file and have considered any motion to dismiss.  Counsel for Doe 17 expressly represented that his client works in the software industry and being publicly identified in a copyright infringement suit would affect his client's professional reputation and could impact his current employment.  The Court recognizes that being accused in a publicly filed lawsuit as a participant in the copyright infringement of Plaintiff's software poses the risk of embarrassment in the form of reputational harm, as well as other potential impacts.  Because this is an early stage in the proceedings, and Plaintiff has not yet specifically alleged Doe 17's connection to the IP address at which the allegedly infringing activity occurred, the Court concludes that there is good cause to protect from public disclosure at this time any identifying information produced under the subpoena.  *See West Coast Productions*, 2012 WL 2577551, at *5 (citing *IO Group v. Does 1-19*, No. C 10-03851, 2010 WL 5071605, at *2 (N.D. Cal. Dec. 7, 2010)).  Therefore the Court will grant a limited protective order prohibiting Plaintiff from filing in the public record any subpoenaed information about Doe 17's identity and hereby further orders Plaintiff to redact any identifying information regarding Doe 17 from any amended complaint.

ORDER – Page 5

## CONCLUSION

It is therefore **ORDERED** that Doe 17's Motion to Dismiss under Rule 12(b)(6) (and request to sever therein) [Dkt. 11] and Doe 16's Motion to Dismiss for Lack of Personal Jurisdiction (and request to sever therein) [Dkt. 13] are **DENIED AS MOOT**.

It is further **ORDERED** that Doe 17's Motion to Quash [Dkt. 11] and Doe 16's Motion to Quash [Dkt. 13] are **DENIED**.

It is further **ORDERED** that Plaintiff shall file an Amended Complaint within twenty (20) days of this Order; Plaintiff's Amended Complaint should set forth each cause of action Plaintiff alleges or intends to allege and shall further specifically identify which causes of action are asserted against which named Defendant. Plaintiff should also set forth the jurisdictional basis for this suit, the facts underlying each of its causes of action, and the facts supporting claims against each Defendant. Plaintiff's pleading should be clear, succinct, and filed in accordance with the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules. Plaintiff's Amended Complaint should redact any identifying information related to Doe 17.

**IT IS SO ORDERED.**

**SIGNED** this 7th day of July, 2016.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE